## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GENESIS GSA STRATEGIC ONE, LLC,

    *Plaintiff*,

v.                                                                                Case No. 26-cv-915

HOWARD COUNTY GOVERNMENT, *et al.*,

    *Defendants*

## ORDER

On March 4, 2026, Plaintiff Genesis GSA Strategic One, LLC ("Genesis") filed a complaint against Defendant Howard County Government as well as various Howard County departments and individuals in their official capacities only (collectively, "Howard County Defendants"), alleging that the revocation of its permits related to its property located at 6522 Meadowridge Road, Elkridge, MD (the "Elkridge project") was unconstitutional. ECF No. 1. Plaintiff specifically asserted that Howard County Council Bill 16-2026 ("CB 16-2026") and the revocation of Genesis's permits violated the Supremacy Clause of the United States Constitution (based on direct regulation, discrimination, and preemption theories), violated the Contract Clause of the U.S. Constitution, and supported a claim for damages under 42 U.S.C. § 1983. *Id.* at 16–20. Shortly after Defendants were served with the complaint, Plaintiff filed a motion for preliminary injunction, ECF No. 16, and Howard County Defendants filed a motion to dismiss, ECF No. 18.

The primary basis for Plaintiff's current motion for a preliminary injunction is its claim that the passage of CB 16-2026 was unconstitutional. *See e.g.,* ECF No. 16-1 at 19 ("Howard County's Cancelling of Genesis's Permits and Passage of Council Bill 16-2026

1

Violate the Supremacy Clause of the United States Constitution."); *see generally* ECF No. 16-1 ("16-2026" appears in the motion at least thirty-six times compared to "1-102" appearing only twice). The primary basis for Howard County Defendants' motion to dismiss is that "Genesis never alleges any facts from which one could conclude that CB16-2026 has been applied to its construction project" or "any facts that could support a finding that any contract was affected in any way, much less a legally actionable way, by CB16-2026." ECF No. 18-1 at 8. To this, Plaintiff responded that "this Court should enjoin [County] officials from using Council Bill 16-2026 against the Elkridge project now or in the future." ECF No. 29 at 7. Howard County Defendants' motion to dismiss also noted that "Count I does not challenge the validity of Md. Code Ann., Correctional Services Art, §1-102, but rather asserts that the statute does not apply to Genesis' circumstances. . . . The County requests the opportunity to further brief the issue should the Court read Count I to contest the validity of the State law provision under the Supremacy Clause, for conflicting with or otherwise being preempted by Federal law." ECF No. 18-1 at 4 n.2.

The Court held a hearing on the motions on May 14, 2026, during which it ordered Plaintiff to file a copy of the lease agreement between it and the federal government under seal. ECF No. 33. Plaintiff filed the document later that same day. ECF No. 34. In response to the filing of the lease agreement, Howard County Defendants filed a notice indicating that, "[c]onsidering this lease and to more completely respond to a question the Court asked counsel during the May 14, 2026 hearing, . . . the County can confirm that Council Bill 16-2026 will not have application to the building permit for the property under the lease that has been supplied, because a government entity is and will be responsible for this detention facility." ECF No. 36.

2

In Plaintiff's response to Howard County Defendants' notice, it noted that the remaining basis for the permit revocation is Md. Code Ann., Correctional Services Art., § 1-102(b), which it contends was unconstitutionally applied to its property. ECF No. 37 at 2–3.

As Plaintiff cannot contend that CB 16-2026 has ever been applied to the Elkridge project or, in light of Howard County Defendants' notice, that there is any reasonable belief that CB 16-2026 will be applied to the Elkridge project in the future, the majority of Plaintiff's complaint and motion for preliminary injunction are now moot. In order to clarify the remaining issues and grant Howard County Defendants and the State of Maryland (if it so chooses) an opportunity to respond regarding the constitutionality of the state statute, the Court hereby ORDERS as follows:

1. Plaintiff's motion for preliminary injunction (ECF No. 16) is DENIED IN PART and RESERVED IN PART;

    a. To the extent that Plaintiff argues that CB 16-2026 is a basis for a preliminary injunction, the motion is denied;

    b. The motion is otherwise reserved;

2. Howard County Defendants' motion to dismiss (ECF No. 18) is GRANTED IN PART and RESERVED IN PART;

    a. To the extent the complaint asserts claims related to CB 16-2026, those claims are dismissed;

    b. The motion is otherwise reserved;

3. Within 7 days of this Order, Plaintiff shall file an amended complaint for any remaining claims it may have regarding the Elkridge project as well as any new motion for preliminary injunction based solely on the remaining claims;

3

4.  Within 7 days of Plaintiff filing an amended complaint, Plaintiff shall serve a copy of the amended complaint as well as this Order upon the State of Maryland and file proof of service;

5.  Within 14 days of Plaintiff filing an amended complaint and motion for preliminary injunction, Howard County Defendants shall file a response to a motion for preliminary injunction (including any argument regarding the constitutionality of the state statute as applied) as well as any new motion to dismiss;

6.  Should the State of Maryland wish to file any briefing related to the constitutionality of Md. Code Ann., Correctional Services Art., § 1-102(b) as applied to the Elkridge property, it shall do so within 14 days of service of the amended complaint and this Order;

7.  Within 14 days of Howard County Defendants filing a response to the motion for preliminary injunction and any motion to dismiss, Plaintiff shall file a reply to the motion for preliminary injunction and response to the motion to dismiss; and

8.  Within 7 days of Plaintiff filing a response to the motion to dismiss, Howard County Defendants shall file any reply to the motion to dismiss.

Date:  June 4, 2026

_____/s/_____
Adam B. Abelson
United States District Judge

4