**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **GENESIS GSA STRATEGIC ONE, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**HOWARD COUNTY *et. al.*,**<br><br>Defendants**.** | Case No. 1:26-cv-00915-ABA<br><br>**PLAINTIFF'S STATUS REPORT AND PROPOSED SCHEDULING ORDER** |

Pursuant to the Court's August 10, 2026 Order (ECF No. 70), Plaintiff Genesis GSA Strategic One, LLC ("Genesis") submits this Status Report and Proposed Scheduling Order.

**I. Procedural Posture**

The Court granted Genesis's motion for a preliminary injunction as to Count I (Supremacy Clause); granted the County's motion to dismiss as to Counts II (Contract Clause) and III (42 U.S.C. § 1983) and dismissed those counts without prejudice; and dismissed all claims against the Howard County Department of Inspections, Licenses and Permits and Councilmembers Opel Jones, Christiana Rigby, Deb Jung, Liz Walsh, and David Yungmann. ECF Nos. 69, 70, The remaining claim, not accounting for any future amendment by Genesis to its complaint to reassert Counts II and III, is Count I against the County. The County's answer is due August 24, 2026.

**II. Statement of the Case and Remaining Issues**

The current remaining dispute concerns whether the County's application of Md. Code Ann., Corr. Servs. § 1-102(b) to revoke Genesis's construction permits for the property at 6522 Meadowridge Road, Elkridge, Maryland (the "Elkridge Property") violates the Supremacy Clause

because it violates intergovernmental immunity and/or is preempted. Genesis contends the County's revocation unlawfully regulated and discriminated against the federal Government and is otherwise preempted. The Court granted the preliminary injunction holding that Genesis was likely to succeed on its claim that the County's application of Md. Code Ann., Corr. Servs. § 1-102(b) discriminated against the federal government.

**III. Appeal**

Genesis opposes any stay of the Preliminary Injunction and will oppose the County's motion to stay.

**IV. Status of Discovery**

No discovery has yet been conducted. The Parties have not yet begun to confer regarding initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and a discovery plan under Rule 26(f).

**V. Proposed Scheduling Order**

Genesis proposes the following pretrial schedule. Genesis's position is that these deadlines should continue in full force and effect during the pendency of the County's appeal.

| Event | Proposed Deadline |
|---|---|
| Rule 26(a)(1) initial disclosures | September 23, 2026 |
| Plaintiff's Rule 26(a)(2) expert disclosures | November 20, 2026 |
| Defendants' Rule 26(a)(2) expert disclosures | December 22, 2027 |
| Rebuttal expert disclosures | January 22, 2027 |
| Requests for admission | February 9, 2027 |
| Discovery deadline / status report | February 23, 2027 |
| Amendment of pleadings / joinder of parties | March 2, 2027 |
| Dispositive motions deadline | March 23, 2027 |

**VI. Matters on Which the Parties Disagree**

Genesis opposes any stay of the Preliminary Injunction and any stay or deferral of the pretrial schedule pending the County's appeal. The Preliminary Injunction should remain in full force during the pendency of the appeal and the County has not established the grounds required for a stay. Genesis will file an opposition to the County's motion for a stay pending appeal.

This action should proceed on the schedule set forth in Section V so that Genesis's claims are resolved without further delay. Genesis is evaluating whether to move for leave to amend its complaint prior to the deadline in Section V to reassert claims that the Court dismissed without prejudice. The deadline to amend pleadings and join parties should occur after the close of discovery.

**VII. Efforts to Confer.**

Genesis has made good-faith efforts to confer with counsel for the County and to file this report jointly. On Thursday, August 20 Genesis received a draft copy of a report from the County and Genesis advised the next day by email that it would review the draft and revert edits. On Monday, August 24 Genesis's counsel emailed the County with proposed revisions to the report and proposed schedule. The County then sent Genesis a counterproposal. Prior to the close of business, as Genesis was preparing a response to the County's counterproposal to enable the parties to file this report jointly as instructed by the Court, the County filed its own status report without notifying Genesis that the County intended to do so.

**VII. Other Matters**

Genesis does not request a settlement conference or referral to a magistrate judge at this time.

Dated: August 24, 2026

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

/s/ Michael J. Edney
Michael J. Edney (Bar No. 20646)
Torsten M. Kracht (Bar No. 16944)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-3000
michael.edney@morganlewis.com

*Counsel for Plaintiff*
*Genesis GSA Strategic One, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2026, I caused the foregoing Plaintiff's Status Report and Proposed Scheduling Order to be electronically filed through the Court's CM/ECF system, which will send notice of filing to all counsel of record.

/s/ Michael J. Edney

Michael J. Edney