**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GENESIS GSA STRATEGIC ONE, LLC,<br>*Plaintiff*,<br><br>v.<br><br>HOWARD COUNTY, et al.,<br>*Defendants*. | Case No. 1:26-cv-00915-ABA |

**MEMORANDUM OPINION AND ORDER**

This Court has previously laid out the relevant facts of this case, as well as the procedural history that led to it granting Plaintiff's motion for a preliminary injunction, ECF No. 69 at 4–21, and assumes the parties' familiarity with them. In summary, this case arises from a 2022 decision by the federal government to replace certain facilities used by the Department of Homeland Security ("DHS") for immigration enforcement work in Maryland. The contractor for the project is Plaintiff Genesis GSA Strategic One, LLC ("Genesis"), which in turn agreed to purchase and renovate a building in Elkridge, Maryland in Howard County and lease it to the federal government. In February and August 2025, Howard County issued Genesis commercial alteration permits. On February 2, 2026, when construction was nearly complete, Howard County revoked those permits.

Genesis filed this case on March 4, 2026, ECF No. 1, and filed a motion for a preliminary injunction on March 13, ECF No. 16. After subsequent briefing and hearings, the details of which this Court has previously discussed, *see* ECF No. 69 at 17–21, the Court granted Plaintiff's motion and entered a preliminary injunction vacating Howard County's revocation of Plaintiff's permits, reinstating the permits, and

enjoining Defendants from enforcing Md. Code Ann., Corr. Servs. § 1-102(b) against Plaintiff with respect to the Elkridge property. ECF Nos. 70, 71. On August 24, Defendants filed a notice of appeal of the preliminary injunction (ECF No. 74) and filed a motion to stay the preliminary injunction pending that appeal (ECF No. 75). Plaintiff filed a response (ECF No. 79), and Defendants filed a reply (ECF No. 80).

Defendants urge the Court to stay its injunction pursuant to the four factors discussed in *Nken v. Holder*:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

556 U.S. 418, 434 (2009). Those factors are parallel and inverse to the factors the Court weighed in granting the preliminary injunction:

> To obtain a preliminary injunction, a plaintiff must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in its favor; and (4) an injunction is in the public interest.

ECF No. 69 at 24 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Although the standard is more demanding when, as here, the preliminary injunction is mandatory, Genesis has shown an entitlement to that relief based on the factors. For the same reasons Genesis is entitled to a preliminary injunction, Defendants are not entitled to a stay.

Moreover, the arguments Defendants raise in their motion are, for the most part, the same as those they raised in opposition to Plaintiff's motion for a preliminary

injunction. Defendants raise one partially new argument, namely that the "injunction is in tension with the anti-commandeering principle." ECF No. 75-1 at 8. Defendants argue that if the Court orders them "to issue permits on terms different than those enacted under state law" it would "commandeer those local officials and require them to serve the federal government and to ignore their state law limitations." *Id.* at 8–9.

The Court partially addressed this argument in its prior opinion. *See* ECF No. 69 at 45 n.12 (quoting *United States v. New York*, 810 F. Supp. 3d 329, 355–56 (N.D.N.Y. 2025)) (explaining that the Supremacy Clause discrimination claim here is not an attempt at "an end-run around the Tenth Amendment" because "this case does not involve a request by the federal government for the State of Maryland to 'assist with federal immigration efforts'"). The anti-commandeering principle prohibits the federal government from "conscripting the State's officers directly" to "administer or enforce a federal regulatory program." *Printz v. United States*, 521 U.S. 898, 935 (1997). It does not authorize a state to violate the Supremacy Clause, through discrimination or otherwise. "[T]he Supremacy Clause makes federal law paramount over the contrary positions of state officials; the power of federal courts to enforce federal law thus presupposes some authority to order state officials to comply." *New York v. United States*, 505 U.S. 144, 179 (1992). Here, it is the State and Howard County that have imposed an unconstitutional barrier to the exercise of federal authority. Requiring them to take down that barrier is not the same as conscripting state authorities to administer or enforce a federal program. Therefore, the anti-commandeering principle does not apply.

Accordingly, the Court ORDERS that Defendants' motion to stay the preliminary injunction pending appeal (ECF No. 75) is DENIED.

Dated: October 13, 2026

_____*/s/*_______________
Adam B. Abelson
United States District Judge